UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

SHERMAN CREEK CONDOMINIUMS, INC.,

    Plaintiff,

vs.
                              Case No: 19-CV-1735

MID-CENTURY INSURANCE COMPANY,

    Defendant.

## **STIPULATED PROTECTIVE ORDER**

      Come Now, Defendant MID-CENTURY INSURANCE COMPANY ("Mid-Century"), by and through its attorneys, Crivello Carlson, SC and SHERMAN CREEK CONDOMINIUMS, INC. ("Plaintiff"), by and through their attorneys of record, Mayer, Graff & Wallace, LLP (collectively, the "Parties") hereby jointly respectfully submit the foregoing Stipulation for Protective.

      WHEREAS, Plaintiff has propounded discovery requests on Mid-Century, seeking, inter alia, the production of various documents (the "Requested Documents"); and

      WHEREAS, Mid-Century contends that the Requested Documents include non-public personal, financial, corporate and business records and data constituting and/or including confidential, privileged, proprietary, private and/or other sensitive information; and

WHEREAS, issuance of a protective order is appropriate pursuant to Wis. Stats. §804.01(3)(a)7 to protect, among other things, Mid-Century's confidential information and documents described herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties hereto, and ORDERED by the Court, that the following provisions of this Stipulated Protective Order ("Protective Order") shall bind the Parties and control the production, use, and dissemination of information and documents that are produced by Mid-Century pursuant to this Protective Order:

1. <u>Designation and Provision of Protected Material.</u> Mid-Century may designate as "CONFIDENTIAL" any document, or portion thereof, which it reasonably believes includes confidential, privileged, proprietary, private and/or other sensitive information such as, but not limited to, non-public personal, financial, corporate and business records and data. All such documents shall be subject to the terms and conditions set forth in this Order and shall be referred to herein as the "Protected Material."

The designation of all or a portion of a document as "CONFIDENTIAL" shall be made by placing such legend on each designated page of the document prior to production of the document. In no event shall said mark or stamp interfere with the legibility of any part of a document.

2. <u>Access to and Use of Protected Material.</u> Protected Material shall not be used for purposes other than for the litigation of this case, defined as SHERMAN CREEK CONDOMINIUMS, INC., et al. v. MID-CENTURY INSURANCE COMPANY, Case No. 2019-CV-1735, United States District Court Eastern District of Wisconsin, and

any related appellate proceedings, and shall not be disclosed to any person or entity other than: Mayer, Graff & Wallace, LLP (Plaintiff's counsel).

      a. Plaintiff, their attorneys, agents, employees and representatives who have a need to know or to have access to the information, and their respective legal counsel and such counsel's legal associates, paralegals, secretaries, and office staff;

      b. Plaintiff's independent experts or consultants specifically retained by Plaintiff to assist counsel in this litigation and the experts' or consultants' respective office staff;

      c. The Court, court reporters, courtroom personnel, jurors, and witnesses testifying at trial;

      d. Such other person(s) as the Court shall determine.

3. <u>Disclosure to Experts or Consultants.</u> Any independent expert or consultant retained to assist Plaintiff's counsel in this litigation shall, prior to any disclosure to the expert or consultant of the Protected Material, execute an agreement to be bound by this Stipulation for Protective Order (the "Confidentiality Agreement"). A copy of the Confidentiality Agreement is attached hereto as Exhibit "A". A copy of the signed Confidentiality Agreement shall be provided to opposing counsel prior to any disclosure.

4. <u>Copies of Protected Material.</u> Copies of Protected Material may be made by or for only those persons identified in Paragraph 2 as authorized recipients of Protected Material, provided that all copies and extracts are appropriately marked as "CONFIDENTIAL." All copies of Protected Material are subject to the provisions of this Order as though they were original Protected Material.

5. <u>Custody of Protected Material.</u>  All Protected Material received by Plaintiff, and any notes, summaries or other records regarding that information, shall be maintained in the custody of Plaintiff's counsel, except that independent experts and consultants may retain documents on a temporary basis for purposes of study, analysis, and preparation of the case, and subject to Paragraph 3, above.  As provided more fully in Paragraph 9, upon final termination of the litigation, all Protected Material, including copies thereof, shall be returned to counsel for Mid-Century, or be certified to have been destroyed.

6. <u>Discovery Relating to Protected Material.</u>

a. To the extent that any discovery, including depositions, taken by Plaintiff, includes or attaches any Protected Material, such discovery shall be designated as "CONFIDENTIAL" and shall be subject to the terms of this Stipulation for Protective Order.

b. To the extent that Plaintiff receives a *subpoena duces tecum* from a third-party or any discovery request from another party to the litigation seeking disclosure of the Protective Material, it shall be sufficient for Plaintiff to cite to this Stipulated Protective Order.

7. <u>Filing of Protected Material.</u>  Prior to making any Protected Material part of the court file:

a. Except as provided for in paragraph 8 below, counsel for Plaintiff shall first consult with the counsel for Mid-Century to determine whether, with the consent of Mid-Century, the document or a redacted version of the document may be filed with the Court not under seal.

b. Where agreement is not possible or adequate, Plaintiff's counsel shall file a motion with the Court for direction.

c. Nothing in this Protective Order shall be deemed to preclude the admissibility of the Protected Material as evidence at trial.

8. No Prejudice.

a. Nothing in this Order shall preclude Mid-Century from seeking additional or different protection with respect to the confidentiality of any information or material, including Protected Material, or from filing any motions to compel or motions for protective order with regard to any discovery dispute. Nothing in this Order shall preclude Mid-Century from withholding any documents on the basis of privilege and/or other objections, provided that Mid-Century produces an appropriate privilege log consistent with the Civil Rules of Civil Procedure and Local Rules of the Court.

b. This Order shall not diminish any existing obligation or right with respect to Protected Material.

9. Final Disposition. Within 30 days of the final termination of this litigation, including any appeals, counsel for the Party who received Protected Material shall return, or certify as destroyed, all Protected Material, including partial or complete copies, transcriptions, extracts, abstracts, notes or summaries of Protected Material, whether in printed, computerized, or electronic form, to Mid-Century's counsel. Plaintiff's counsel has the duty to compile all Protected Material and copies thereof from their client(s) and from experts, consultants, and any other source for which the client or her/its experts or consultants are responsible, so that the Protected Material may be returned to counsel for the Party who provided it. However, for archival purposes, counsel may retain pleadings, attorney and expert or consultant work product,

depositions, and correspondence and Plaintiff's own internal memoranda, all of which shall remain subject to the provisions of this Stipulation for Protective Order.

10. <u>Improper Disclosure.</u> Plaintiff and her respective counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of the Protected Material. If any Protected Material is disclosed to any person other than those authorized herein and/or other than in the manner authorized herein, then counsel for Plaintiff must immediately bring all pertinent facts relating to such disclosure to the attention of Mid-Century's counsel and, without prejudice to any other rights of Mid-Century, Plaintiff and his counsel must make every effort to prevent further disclosure by the person(s) to whom such information was disclosed.

11. <u>Survival</u>. The binding effect of this Stipulation for Protective Order shall survive termination of this action. The Court shall retain jurisdiction to enforce this Stipulation for Protective Order.

**STIPULATED AND AGREED TO:**

Dated:<u>10/20/2020</u>                             Dated:<u>10/20/2020</u>

Mayer, Graff & Wallace, LLP              CRIVELLO CARLSON, SC
Attorneys for Plaintiff                          Attorney for Mid-Century Ins. Company

By: <u>*s/ Ryan R. Graff*</u>                         By: <u>*s/ Stacy K. Luell*</u>
    Ryan R. Graff                                   Donald H. Carlson
    State Bar No.: 1051307                     State Bar No.: 1011273
    John F. Mayer                                    Stacy K. Luell
    State Bar No.: 1017384                     State Bar No.: 1036160
    Sean A. Bukowski
    State Bar No.: 1096228

**APPROVED AND SO ORDERED**

Dated:_____

_____
Honorable Brett Ludwig
United States District Court Eastern District of Wisconsin

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

SHERMAN CREEK CONDOMINIUMS, INC.,

    Plaintiff,

UNUM LIFE INSURANCE COMPANY
OF AMERICA and UNITY HEALTH         Case No.: 15-CV-318
INSURANCE CORPORATION,                 Case Code: 30101 & 30303

    Involuntary Plaintiffs,

v.

MID-CENTURY INSURANCE COMPANY,

    Defendant.

## CONFIDENTIALITY AGREEMENT

1. My name is _____. I am employed as (position) _____ by (name and address of employer) _____.

2. I have read the Stipulated Protective Order; Exhibit "A" (Re: Confidential/Proprietary Insurance Records), dated _____ ____, 2018 (the "Order"), which has been entered in this action, and a copy of it has been given to me. I understand the provisions of the Order and I agree to comply with and to be bound by its provisions. I submit to the personal jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____, 2020.

                                            _____