IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SHERMAN CREEK CONDOMINIUMS, INC., | ) |
| Plaintiff, | ) Civil No. 19-CV-1735 |
| v. | ) |
| MID-CENTURY INSURANCE COMPANY, | ) |
| Defendant. | ) |

**<u>DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT</u>**

Mid-Century Insurance Company ("Mid-Century") submits the following brief in opposition to the motion to alter or amend judgment filed by Sherman Creek Condominiums, Inc. ("Sherman Creek").

## INTRODUCTION

Sherman Creek brings a motion to reconsider the Court's October 10, 2023 order. ("Order"). This motion is nothing more than a second attempt by Sherman Creek to circumvent the dispute of liability among the parties █████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

1

██████████████████████████████████████████████████████

██████████████████████████████████████████████ This is the very argument that the Court already rejected during the October 10, 2023 hearing and should be rejected again for the same reasons. (Dkt. 137 & 138).

Nevertheless, Sherman Creek volleys the same again (with no new evidence and legal authority). It should be rejected again. ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████ It so ordered because both the 2019 Action and 2023 Action share the same underlying facts as they ████████████████████████████████████ However, only the 2023 Action contains all liable parties and their respective claims. Thus, resolving the 2023 Action will be most efficient. ████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

2

▉

(Dkt. 137, Audio file of hrg., Minute 34:08-36:50). The Court also stated none of the parties want to re-litigate the underlying coverage case, so vacating the dismissal did not make sense. (Dkt. 137, Audio file of hrg., Minute 32:07-32:26) ("If we were going to vacate the dismissal order and start re-litigating the underlying hail damage case, then it would make sense to me to vacate the dismissal order and go back. But, I don't think anyone wants to do this.").

▉ In support, Sherman Creek alleges the Court erred by: (1) wrongly deciding it lacked jurisdiction to vacate the dismissal; (2) failing to vacate the dismissal where it was based on a stipulation allegedly entered on mistake or fraud; (3) failing to recognize if the dismissal remains, then Sherman Creek loses its underlying coverage claims because they would be time barred in the 2023 Action; and ▉

With the exception of the third argument, these arguments are merely rehashed previously rejected arguments. The third argument is moot as Sherman Creek has no real interest in re-litigating its coverage case and, even if it did, then it would be free to do so as the Court denied its motion to vacate without prejudice. For each of the above arguments, Sherman Creek fails to identify *any* manifest errors of law or fact that would warrant reconsideration of the Court's

3

October 10, 2023 order (Dkt. 138) ("Order") under Rule 59(e) of the Federal Rules of Civil Procedure. We will discuss Sherman Creek's arguments in detail below.

## LEGAL STANDARDS

Sherman Creek brings this motion under Fed.R.Civ.P. 59(e) to alter or amend a judgment. Under Rule 59(e), a movant must "clearly establish" a manifest error of law or fact or present newly discovered evidence. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Courts define 'manifest error of law or fact' as the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). In other words, it is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed.1999)). Manifest error is "not demonstrated by the disappointment of the losing party." *Oto*, 224 F.3d 601, 606. Where a reconsideration motion merely "rehash[es] old arguments", it will fail under Rule 59(e). *Id.* Rule 59 is "not a vehicle for rearguing previously rejected motions." *Id.* Generally, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Oliver v. Amazon.com Servs.*, LLC, No. 22-CV-149, 2023 WL 3597722, at *1 (E.D. Wis. May 23, 2023).

## BACKGROUND

[redacted]

4

**A.     LAWSUIT AND SETTLEMENT.**

Sherman Creek filed this action against Mid-Century seeking to recover under its insurance policy. (Dkt. 3-1). As reflected on the docket, Sherman Creek was represented by MGW and attorney Ryan Graff ("Graff"), and Mr. Graff identified his authorized email address as:

| Plaintiff | | |
|---|---|---|
| **Sherman Creek Condominiums Inc** | represented by | **John F Mayer**<br>Mayer Graff & Wallace LLP<br>1425 Memorial Dr - Ste B<br>Manitowoc, WI 54220<br>920-683-5800<br>Fax: 800-465-1031<br>Email: jmayer@mgwlawwi.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Ryan R Graff**<br>Mayer Graff & Wallace LLP<br>1425 Memorial Dr - Ste B<br>Manitowoc, WI 54220<br>920-683-5800<br>Fax: 800-465-1031<br>Email: rgraff@mgwlawwi.com<br>*ATTORNEY TO BE NOTICED* |

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████

5

Case 2:19-cv-01735-BHL   Filed 12/05/23   Page 5 of 14   Document 147



**B. MID-CENTURY'S FORENSIC EXPERT TRACED THE BREACH TO GRAFF'S AND MGW'S EMAIL ACCOUNT.**

Mid-Century retained Dr. Bruce Hartley, a forensic expert. Based on his forensic examination,

(1) is *a valid email* sent from Mr. Graff's email account;

(2) was sent via MGW's email servers;

6

(3) was sent from an IP address permitted by the domain owner to send emails using an identity corresponding to the email identity of Mr. Graff (rgraff@mgwlawwi.com);

(4) contains no evidence of sender obfuscation; and

(5) contains no flags or indicators of spoofing or a mismatch between the purported identity of the sender and the actual sender.

(Dkt. 124, Hartley Decl., at ¶ 4). ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ The following graphic displays the message delivery path for the Payment Email:



Figure 3: Message Header Routing Information (The January 5, 2023 email Message)

The message header reveals that the message was sent from a Microsoft email server at the "outlook.com" domain. (Dkt. 124, Hartley Decl., at ¶ 11). Dr. Hartley verified that Microsoft was the email provider for MGW as of January 5, 2023, based upon the historical Mail eXchanger (MX) record for MGW's domain "mgwlawwi.com". (Dkt. 124, Hartley Decl., at ¶ 11).

To confirm that conclusion, Dr. Hartley analyzed the "**X-OriginatorOrg**" header field – a record of the sender's domain. (Dkt. 124, Hartley Decl., at ¶ 13). That header reflected the sender's domain as follows: "X-OriginatorOrg: mgwlawwi.com." (Dkt. 124, Hartley Decl., at ¶ 13). That value matches MGW's email system. (*Id.*). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████

**ARGUMENT**

Without demonstrating any manifest error of law or fact, Sherman Creek wants the Court to: (1) vacate the dismissal, and ███████████████████████████████ ████████ Sherman Creek brings duplicative arguments, which the Court has previously reviewed and rejected. Sherman Creek attempts to argue there is some "manifest error" without introducing <u>*any*</u> new evidence and without citing to <u>*any*</u> conflicting governing legal authority. As discussed below, none of these arguments demonstrates any scintilla of manifest error.

I. **NO MANIFEST ERROR IN COURT'S PRIOR DENIAL OF MOTION TO VACATE**

In an effort to rephrase its arguments to appear somewhat different (although they are not), Sherman Creek tries to raise several distinctions why its previously rejected motion to vacate should be granted now. None of those arguments provide any grounds to reconsider the prior motion or prior decision.

A. **THE COURT LACKS JURISDICTION TO VACATE THE DISMISSAL.**

The parties concur that the Court lacks jurisdiction because it previously dismissed this action. Dkt. 122, pg. 2 (Mid-Century's briefing on lack of jurisdiction); Dkt. 125, pg. 2 (Sherman Creek admits it is "technically correct" that the Court lacks jurisdiction given the dismissal).

8

Case 2:19-cv-01735-BHL   Filed 12/05/23   Page 8 of 14   Document 147

Sherman Creek fails to demonstrate any manifest error in the Court's decision that it lacks jurisdiction. In its reconsideration motion, Sherman Creek brings forth no new facts and it cites no controlling law. (Dkt. 142, pg. 8-10). Sherman Creek previously unsuccessfully argued the Court had jurisdiction. (Dkt 125, pg. 2).



After briefing concluded, the Court agreed with Mid-Century. (Dkt. 137 & 138).

Sherman Creek's attempt to reargue its previously rejected contention fails under Rule 59(e). The law is clear that rehashing a rejected argument does not demonstrate manifest error. *See Oto*, 224 F.3d 601, 606. *ExeGi Pharma, LLC v. Brookfield Pharms., LLC*, No. 20-CV-192-JPS, 2023 WL 4352452, at *2 (E.D. Wis. July 5, 2023) (denying motion where arguments were ""inappropriate rehashing of previously raised arguments."); *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997) (denying 59(e) motion where movant "paraphrase[ed] the arguments he presented earlier.").

### B.   NO MANIFEST ERROR OF FACT IN UPHOLDING THE DISMISSAL.

Sherman Creek argues the Court made a manifest error of fact as Sherman Creek's attorney, Mr. Graff, did not sign the stipulation yet the Court characterized the stipulation as "voluntary" and failed to vacate the invalid dismissal under Rule 60(b). (Dkt, 142, pg. 8-9; Dkt. 143). The Court previously entertained the probability the stipulation was signed by the hacker, not Mr. Graff himself. (Dkt. 142, pg. 9). *See* Dkt. 137, Audio file of hrg., Minute 34:08-36:50

9

(Court stated, "there was an apparent mistake that led to the stipulation[.]"). Nevertheless, the Court rightfully concluded that it made no sense to vacate the dismissal as: (a) the parties had no appetite to re-litigate the underlying coverage action, ███████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████.

As is evident from the above paragraph, the Court already considered the implication of an "apparent mistake", reviewed Sherman Creek's relevant briefing on this apparent mistake (Dkt. 128, pg. 3-5), and denied the motion to vacate. Thus, this argument is merely a rehashing of a previously rejected argument and as such, fails to demonstrate any manifest error. *ExeGi Pharma, LLC v. Brookfield Pharms., LLC*, No. 20-CV-192-JPS, 2023 WL 4352452, at *2 (E.D. Wis. July 5, 2023); *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997); *Oto*, 224 F.3d 601, 606.

Additionally, Sherman Creek argues the Court's decision that it lacked jurisdiction was inconsistent with its denial of both motions without prejudice. (Dkt. 142, pg. 8). This is untrue. In the event that Sherman Creek wants to re-litigate the underlying coverage action, it can renew its motions and restart the 2019 Action. In such a case, the Court might vacate the dismissal and thus obtain jurisdiction. ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████████████████.

### C. THERE IS NO PREJUDICE TO SHERMAN CREEK IF THE DISMISSAL REMAINS.

Sherman Creek contends it will suffer prejudice by the dismissal as its claims in the underlying coverage claim (a claim for breach of insurance policy and a claim for bad-faith) will be time barred in the 2023 Action. (Dkt. 142, pg. 9). Sherman Creek will not suffer any prejudice if the dismissal remains in place. ████████████████████████████████████████

10

██████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Second, the Court denied the motions without prejudice and indicated it would entertain a motion to vacate the dismissal under Fed.R.Civ.P. 60(b) if Sherman Creek wants to re-litigate the underlying coverage action. (Dkt. 137). In the event Sherman Creek ever wants to re-litigate the coverage action, then its coverage-related claims will be available and not time-barred.

**D.** 

Taking a step back from the merits (lack thereof) of Sherman Creek's arguments in favor of vacating the dismissal, even if the Court vacated the dismissal it would not accomplish what Sherman Creek seeks—███████████████████████████████████████████████
████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Sherman Creek initiated both the 2019 Action and the 2023 Action (sharing the same underlying facts). In the 2019 Action, Sherman Creek did not join the truly culpable parties—namely the attorneys who allowed their email accounts to be breached (MGW and Ryan Graff) and Mid-Century's counsel that communicated with the threat actor (Crivello Carlson). Under Sherman Creek's inefficient approach, this Court would have to separately adjudicate Sherman Creek's claim for relief in one action and then separately litigate Mid-Century's claims in a separate action. The Court appropriately rejected Sherman Creek's inefficient proposal. (Dkt. 137). █████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

11

███████ Efficient litigation in the 2023 Action will ensure the parties have a "just, speedy, and inexpensive determination," of liability. Fed.R.Civ.P. 1.

The Court has already made clear that vacating the dismissal only makes sense if the underlying coverage case is re-litigated, which Sherman Creek does not want.

**II.** ████████████████████████████████████████

████████████████████████████████████████████████

████████████████ Sherman Creek brings forth duplicative arguments and cites non-binding case law. (Dkt. 142, pg. 10-16).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

In reliance, Sherman Creek cites no binding case law and introduces no new evidence. (*Id.*). Besides being factually incorrect (as the truly culpable parties are MGW, Graff, and Crivello), Sherman Creek's argument here tries to force the Court to determine which party is liable in this case (without first resolving the 2023 Action). ████████████████████████

████████████████████████████████████████████████

██████

Sherman Creek cites the non-binding decision of *Ostrich Int'l Co., Ltd. v. Michael A. Edwards Grp. In't Inc.*, 2023 WL 4025870 ████████████████████████

████████████████████████████ *Ostrich* is immaterial. It is non-binding and thus does not set forth any controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (manifest error is the "whole disregard" or "misapplication" of controlling precedent). Furthermore, *Ostrich* is even factually distinguishable. ████████████████

12

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

Mid-Century previously briefed the flaws in Sherman Creek's position and basis for its position. Unlike Sherman Creek, Mid-Century will not repeat its arguments, but will incorporate them by reference. As detailed therein, Sherman Creek's arguments fail as they raise inherent disputes that are not amenable to resolution at this stage. For the same reasons this Court already rejected Sherman Creek's position, it should do so again. Simply put, Sherman Creek fails to demonstrate any manifest error made by the Court in its Order dated October 10. As such, its Rule 59(e) motion to reconsider must be denied.

## CONCLUSION

**WHEREFORE**, Mid-Century Insurance Company respectfully requests that this Court deny Plaintiff's Motion to Alter or Amend Judgment for the reasons set forth above, and grant any other relief that it deems fair and equitable.

Dated: December 5, 2023        Respectfully submitted,

GORDON REES SCULLY MANSUKHANI

*s/ Ariane M. Janz*
Scott L. Schmookler
Ariane M. Janz
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: 312-980-6779
Fax: 312-565-6511
sschmookler@grsm.com
ajanz@grsm.com
*Counsel for Defendant*

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system.

                                       GORDON REES SCULLY MANSUKHANI

                                       *s/ Ariane M. Janz*
                                       Ariane M. Janz