UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHERMAN CREEK CONDOMINIUMS INC,

    Plaintiff,

v.                                              Case No. 19-cv-1735-bhl

MID-CENTURY INSURANCE COMPANY,

    Defendant.

## ORDER

After years of proceedings, the substantive claims in this insurance coverage dispute between Plaintiff Sherman Creek Condominiums Inc. (Sherman Creek) and Defendant Mid-Century Insurance Company (Mid-Century) were resolved through mediation. Counsel reported the settlement to the Court and later filed a stipulation for dismissal signed electronically by all parties, terminating the case. (ECF Nos. 106 & 109.) In the ordinary case, the parties' settlement and stipulated dismissal would have ended things, but this is not the ordinary case. The parties and counsel discovered that a fraudster had electronically impersonated Plaintiff's counsel and then intercepted the wire transfer by which the settlement payment was made. This has led to further motion practice and a second lawsuit, also pending in this Court, in which the parties dispute their respective responsibilities for the intercepted payment. (*See* Case No. 23-cv-0375-bhl.)

In this case, Plaintiff filed a motion to enforce the parties' settlement agreement and a motion to vacate the dismissal. (ECF Nos. 113 & 127.) The Court denied both motions without prejudice at an October 10, 2023 telephone hearing. (ECF No. 138.) During the hearing, the parties unanimously confirmed that their settlement of this case remained valid and binding. No one wanted to undo the resolution and resume litigating the underlying insurance coverage dispute. Instead, the parties confirmed their ongoing disagreements related solely to whether the payment obligation under the settlement had been performed and how the fraudster's intercept of the

payment impacted the parties' obligations, all of which are being litigated in the second-filed case: Case No. 23-cv-0375-bhl. Accordingly, the Court concluded that vacating the stipulated dismissal was not warranted. (*Id.* at 1.) The Court also noted that it would allow Plaintiff to renew its motion, if necessary, after the second case was resolved. (*Id.*)

Notwithstanding the Court's Order, within a month of the hearing, Plaintiff filed another motion seeking to undo the dismissal. This further motion purports to seek an amended judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 139.) During briefing, the parties also filed three motions to restrict documents, all premised on the parties' prior agreement that their settlement should be kept confidential. (ECF Nos. 140, 146, 148.) The Court will deny Plaintiff's latest motion for the same reasons it denied Plaintiffs' prior motions at the October 10, 2023 hearing. The parties have confirmed that the settlement remains valid, final, and binding and the insurance coverage claims in this case have thus been settled and fully resolved. There is nothing further to litigate in this matter and there is no reason to alter the clerk's termination of the case. While the parties disagree over the facts and consequences related to the fraudster's interception of the settlement payment, those issues do not implicate the claims or pleadings in this case; they are issues being separately litigated in Case No. 23-cv-0375-bhl. The Court also notes that Plaintiff's invocation of Rule 59(e) is also inappropriate because that rule applies to judgments and no judgment was entered in this case. For the avoidance of doubt, the Court reiterates that to the extent there is some unforeseen need to reopen this case after resolution of Case No. 23-cv-0375-bhl, the Court's denial of Plaintiff's motion is without prejudice.

Also, as the Court has explained at prior hearings, the settlement at issue is being litigated in Case No. 23-cv-0375-bhl, and any confidentiality concerns over its terms are now moot. Accordingly, all motions to restrict the documents filed in this case, premised on the confidentiality of the settlement terms, are denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Alter Judgment, ECF No. 139, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Motions to Restrict Documents, ECF Nos. 140, 146, 148, are **DENIED**.

Dated at Milwaukee, Wisconsin on August 30, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge